[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT
This case arises out of an incident which occurred on July 25, 1996, wherein the named minor plaintiff, who was riding a bicycle at the time, is alleged to have been injured. by the named defendant, who was operating a motor vehicle. The case was placed in the court's mandatory arbitration program pursuant to Gen. Stats. § 52-549u et seq.
It is apparent that the plaintiffs' then attorney, Alberto v. Zappala, neglected to inform his clients that an arbitration had been scheduled. Attorney Zappala himself appeared at the arbitration hearing and submitted an oral representation of the evidence. The arbitrator found in favor of the plaintiff and concluded that the plaintiff's damages amounted to $8000. He assessed comparative fault of 25% to the plaintiff, resulting in a total award of $6000.' No timely claim for a trial de novo having been filed by either party, judgment entered in accordance with the arbitrator's decision on November 17, 1999.
In fact, however, prior to the arbitrator's having even filed his decision, the attorneys had agreed to settle the case for the sum of $6000, and Attorney Zappala provided the defendants with a release purportedly signed by Vincent Ball, father of the minor plaintiff. The plaintiffs allege, and the defendants do not dispute, that Mr. Ball's signature is a forgery.
Upon finally having learned of all these developments, the plaintiff hired new counsel who appeared in this case on February 8, 2000 in lieu of Attorney Zappala. That attorney has filed the present motion to open the judgment. The court notes that Attorney Zappala has subsequently been indicted, has pled guilty, and, as of this writing, is awaiting sentencing on federal fraud counts. There are, as of this writing, at least 56 legal malpractice cases pending in this courthouse in which improper activity by Mr. Zappala is alleged. Disciplinary proceedings have been commenced against Mr. Zappala, and an attorney has been appointed to safeguard the interests of his clients. Despite the efforts of the trustee and the attorney representing Mr. Zappala in his criminal matter, the court is aware of numerous cases in which no new counsel have appeared in lieu of Mr. Zappala and in which the plaintiffs are totally unaware of what is happening to their cases. CT Page 11096
In the present case, upon receipt of the release purportedly signed by Vincent Ball, the defendant's insurer tendered a $6000 check to Attorney Zappala. The check has been cashed, and the plaintiffs have received none of the proceeds. Zappala did not file a withdrawal, however, and a judgment was entered by the court in favor of the plaintiff in accordance with the arbitrator's award.
Before the court is the plaintiffs' motion to open that judgment. They contend that it was procured as the result of "mistake, accident or fraud," based on the factual scenario previously recited. Although it is undisputed by the parties that Attorney Zappala acted fraudulently by concealing knowledge of the proceedings from his clients, accepting and cashing the settlement check, forging his client's signature, and failing to turn over any proceeds to his clients, it is also apparent that none of this is the reason that the judgment entered. That judgment entered solely by operation of law in the wake of the arbitrator's decision because, having agreed in the meantime to settle the case, Zappala failed to file a withdrawal of the action before the judgment could enter. It is thus apparent that the judgment itself entered as the result of that particular oversight. Under those circumstances, the judgment should be opened, and the court therefore grants the plaintiffs' motion.
The court recognizes that this is probably not the end of the matter. This motion was presented to the undersigned as the plaintiffs' motion to open, but it was argued to the court in part as though it were a motion to enforce a settlement agreement. See, e.g., Audubon Parking AssociatesLimited Partnership v. Barclay and Stubbs, Inc., 225 Conn. 804 (1993). Under all the circumstances of this case, the court feels that it should decide only the motion squarely placed before it, namely the motion to open, without prejudice to the right of the defendant to seek to have its settlement agreement with the plaintiff enforced as a judgment.
The motion to open is therefore granted.
Jonathan E. Silbert, Judge